COMMONWEALTH vs. JIMMY GONZALEZ
(and a companion case[1]).

Suffolk.  April 5, 1988. — August 4, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Arrest. Probable Cause. Search and Seizure*, Probable cause.  *Constitutional Law*, Search and seizure, Probable cause.

In a criminal case, the judge erred in allowing the defendants' motions to suppress cocaine seized from one defendant's person and from the bag of the other when they were both arrested on the basis of an informant's tip, where the informant's reliability was established and where, in the absence of information showing the basis of the informant's knowledge, the requirements for probable cause to arrest were satisfied by the police officers' corroboration, by observation, of the details of the informant's description of the appearance and clothing of one of the defendants and of the informant's prediction of his time and place of arrival on a bus from New York City, with a blue bag and a companion, to meet another man, the other defendant. [174-175]

INDICTMENTS found and returned in the Superior Court Department on September 9, 1986.

Motions to suppress evidence were heard by *Elizabeth J. Dolan*, J.

*Kevin J. Ross*, Assistant District Attorney, for the Commonwealth.

*Ronald Ian Segal* for Jimmy Gonzalez.

*Nelson Gediman*, for Rafael Cruz, submitted a brief.

ABRAMS, J. A judge in the Superior Court allowed the defendants' motions to suppress evidence seized pursuant to a

---

[1] Commonwealth *vs*. Rafael D. Cruz.

warrantless search of a bag which Rafael Cruz delivered to Jimmy Gonzalez. The case is before us on an interlocutory appeal. We reverse.

We summarize the facts as found by the judge on the motions to suppress. At approximately 5:15 P.M., on July 11, 1986, Officer Eduardo Dominguez of the Boston police department's drug control unit received a telephone call from an informant who had provided him with information on approximately thirty occasions. Some of this information had resulted in the arrest and conviction of several individuals for narcotics trafficking.

The caller informed Dominguez that a Hispanic male accompanied by a young boy would be arriving on the 6 P.M. bus from New York City and carrying drugs. The informant gave Dominguez a detailed description of the man's clothing[2] and stated that he would be carrying a blue bag. The caller described the boy as being between ten and eleven years old. The informant also stated that the pair would be met by another man who was some sort of police officer. After informing his superior of the telephone call, Dominguez and three other officers proceeded to the Greyhound bus terminal.

The bus from New York City arrived at approximately 6:10 P.M. and a Hispanic male fitting the informant's description got off the bus. As the informant had indicated, the man was accompanied by a young boy, later identified as the defendant Cruz's nine year old son. The pair engaged in no suspicious conduct as they proceeded through the terminal to the sidewalk area.[3] They entered an automobile driven by the defendant Gonzalez.

The police officers stopped the vehicle and told the occupants that the police were searching all passengers from the New

---

[2] Although not specifically noted in the judge's findings, Dominguez stated at the hearing on the motion to suppress that the informant described Cruz as being in his late thirties, or early forties. The informant also described Cruz's height (approximately five feet four or five inches) and stated that he would be wearing tan pants, a white shirt and gray shoes.

[3] Although the judge made no specific finding to this effect, Officer Dominguez stated that Cruz and Gonzalez shook hands and that Cruz handed Gonzalez the blue bag.

York bus because there had been a shootout in New York. The officers stated that they would like to search the blue bag, and Gonzalez consented to the search.[4] The officers found a package containing 300 grams of cocaine under some clothing in the bag. The police placed Gonzalez and Cruz under arrest. A body search of Gonzalez revealed more cocaine. The police also removed a gun and handcuffs from Gonzalez who was employed as a special police officer and security guard at the John F. Kennedy Library in Boston.

The Commonwealth filed a notice of appeal from the judge's allowance of the defendants' motions to suppress. The Commonwealth applied to a single justice of the Supreme Judicial Court for Suffolk County for leave to appeal the allowance of the motions. The single justice allowed the Commonwealth's application and transferred the case to the Appeals Court. The Commonwealth moved for reconsideration of the order and the single justice transferred the case to the Supreme Judicial Court for consideration by the full court.

The sole issue on appeal[5] is whether there was probable cause to support the defendants' arrests and the search of the bag. Applying the principles of *Commonwealth* v. *Robinson*, *ante* 163 (1988), we first address the reliability prong of the *Aguilar-Spinelli* inquiry, and we conclude, as did the motion judge, that the accurate and reliable information that the informant had provided Dominguez on numerous prior occasions establishes the informant's reliabilty. At the hearing on the motion to suppress, Dominguez stated that this informant's tip had resulted in several convictions. Thus, the informant's past

---

[4] The Commonwealth has not argued that we should uphold the search based on Gonzalez's consent. Because we conclude that the search was valid, we do not discuss the issue of Gonzalez's consent to the search and seizure.

[5] In his brief, the defendant Gonzalez contends that the Commonwealth's notice of appeal was not timely filed. However, a review of the record indicates that the Commonwealth filed a notice of appeal as required by Mass. R. A. P. 3 (a), as appearing in 378 Mass. 924 (1979), within thirty days of the judge's order granting the motion to suppress. See Mass. R. A. P. 4 (b), as appearing in 378 Mass. 924 (1979). Counsel for Gonzalez waived this claim of error at oral argument.

record of supplying credible information to Dominguez satisfies the reliability prong of the *Aguilar-Spinelli* test.

We turn to the basis of the knowledge requirement. The motion judge found that the informant had not provided the officer with information as to any underlying circumstances from which the basis of the informant's knowledge could be discerned. In determining whether independent police corroboration satisfies either or both prongs of the *Aguilar-Spinelli* test, we have used the detail provided by the informant in *Draper* v. *United States*, 358 U.S. 307 (1959), as a suitable measurement. See *Robinson, supra* at 166.

We conclude that the facts in this case compare favorably with the facts in *Draper*, and that there was sufficient independent police corroboration of the details of the informant's tip to satisfy the *Aguilar-Spinelli* test. In this case, as in *Draper*, the informant described Cruz's appearance and clothing. The informant also correctly stated Cruz's time and place of arrival, the fact that he would be traveling with a young boy, and the fact that they would be met by another man. The informant also correctly stated that Cruz would be carrying a blue bag. Accordingly, we conclude that the motion judge should not have allowed the defendants' motions to suppress. The order therefore is reversed and the case is remanded to the Superior Court for trial.

*So ordered.*