COMMONWEALTH *vs.* IOANNIS H. TRIANTAFILLAKOS. No. 90-P-1274. December 7, 1992. *Constitutional Law*, Search and seizure, Probable cause. *Probable Cause. Search and Seizure*, Probable cause.

At a hearing on a motion to suppress as evidence 450 grams of cocaine seized by the police in a search without a warrant, a police officer involved with the seizure testified about the basis on which he and his colleagues had acted. An informer whose information had previously led to the conviction of persons on narcotics offenses said that some time after 9:00 P.M., on October 22, 1987, a white male in his early thirties, weighing approximately 225 pounds, 5' 8" in height, with dark hair would be operating a taxi with a "tag of 677." The taxi would be found at one of two locations and would be going from one of those locations to the other. The first location was on Dorchester Street in South Boston, more specifically by a three-family building there, with a pizza store on the first floor. The other location would be in the South End, on Harrison Avenue in the vicinity of City Hospital. The person driving the taxi, the informant told the police, would be carrying a large quantity of cocaine; he would be going from one place to the other.

On the basis of that information, the police set up surveillance units at the designated South Boston location as well as the South End area. Shortly after 9:00 P.M., the defendant, who fit the description furnished, emerged from the building which had been designated in South Boston, carrying a small bag. He entered the taxi which bore registration 677. The officers conducting surveillance followed the defendant, who, indeed, drove toward the South End and made a stop in Worcester Square, near Harrison Avenue and City Hospital. There he picked up a passenger. At that juncture, the police moved in to arrest the defendant and found the bag of cocaine.

On those facts, which are substantially as the motion judge found them to be, the judge denied — we think correctly — the motion to suppress. The information furnished to the authorities by the informer was considerably more specific in terms of the anticipated movements of the suspect than what had been furnished in *Commonwealth* v. *Brown*, 31 Mass. App. Ct. 574, 575 (1991). The observations of the police confirmed and, thereby, corroborated what the informer had said about the defendant and had predicted about his movements, including the locations and method of conveyance. The case is, therefore, governed by *Draper* v. *United States*, 358 U.S. 307, 309 (1959); *Commonwealth* v. *Robinson*, 403 Mass. 163, 166 (1988); *Commonwealth* v. *Santana*, 403 Mass. 167, 171 (1988); *Commonwealth* v. *Gonzalez*, 403 Mass. 172, 175 (1988); and *Commonwealth*

v. *Cast*, 407 Mass. 891, 897-898 (1990). Contrast *Commonwealth* v. *Bottari*, 395 Mass. 777, 778 (1985).

Probable cause existed for the police to think that the defendant was engaged in drug trafficking, to make an arrest and to conduct a search incident to that arrest.

*Order denying motion to suppress affirmed.*

*Judgment affirmed.*

*Katherine C. Rossmoore* for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.