## COMMONWEALTH *vs*. JAMES FARROW.

Suffolk. April 5, 1988. — August 4, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH & O'CONNOR, JJ.

*Arrest. Probable Cause. Search and Seizure*, Probable cause. *Constitutional Law*, Search and seizure, Probable cause.

In a criminal case, the judge correctly denied a motion to suppress cocaine and paraphernalia found on the defendant's person when arrested on the basis of an informant's tip that the defendant was carrying a large amount of narcotics, where the informant's reliability was established and where, in the absence of information showing the basis of the informant's knowledge, the requirements for probable cause to arrest were satisfied by the police officers' corroboration, by observation, of the details of the informant's description of the defendant's appearance and clothing and of the informant's prediction of the time the defendant would arrive at a named address in Boston. [177-178]

INDICTMENT found and returned in the Superior Court Department on August 6, 1986.

A motion to suppress evidence was heard by *Paul A. Chernoff*, J.

An application for an interlocutory appeal was granted by *Wilkins*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*Bruce R. Bono*, Committee for Public Counsel Services, for the defendant.

*Kevin J. Ross*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant appeals from the denial of his motion to suppress evidence seized pursuant to a warrantless search of his person. The defendant applied, pursuant to Mass. R. Crim. P. 15 (b) (2), 378 Mass. 884 (1979), to a single justice of this court for leave to appeal the denial of the motion to suppress. The single justice allowed the application and reported the case to this court. We affirm.

We summarize the relevant facts. On June 29, 1986, at about 7:30 P.M., Detective Robert Tully of the drug control unit of the Boston police department received a telephone call from an informant who had provided him with reliable information over the previous several months. Tully had never personally found the informant's information to be incorrect. The informant had told Tully, on several occasions, of drugs transported to Boston from out-of-town locations. The informant's tips had led to the arrest and conviction of four individuals and two other cases were pending before the courts.

The informant told Tully that a bearded black male in his late twenties, approximately six feet tall and weighing 160 to 170 pounds would be arriving that evening at 19A West Dedham Street in the South End section of Boston at about 8 P.M. The informant stated that the man would be dressed in gray pants and a gray checkered shirt, and would be carrying a large amount of narcotics.

Tully and other officers of the drug control unit decided to set up a surveillance at both 19A West Dedham Street and the Greyhound bus terminal, because the officers' past experience indicated that the individual might be arriving in Boston at the bus terminal, a known center of drug importation. At about 8:15 P.M., Tully received a radio communication from the officers at the bus terminal who stated that they thought they had seen a person matching the description given by the informant enter a taxicab. Minutes later, a taxicab stopped across the street from the West Dedham Street address, followed by the police cruiser that had been stationed at the bus terminal. Tully saw the defendant get out of the cab. Tully approached him, stopped him, and patted him down. Tully recovered a large bag of cocaine and a number of glassine bags from the paper bag. He recovered more glassine bags from the defendant's crotch area. We turn to the defendant's contention that the motion judge erroneously denied his motion to suppress the seized evidence.

We address the issue whether there was probable cause to support the seizure of the narcotics. We have held that independent police corroboration can cure deficiencies in either the veracity

or the source of knowledge or both. See *Commonwealth* v. *Robinson, ante* 163, 166 (1988). Addressing first the reliability prong of the *Aguilar-Spinelli* inquiry, we conclude, as did the judge below, that the confidential informant's reliability was amply demonstrated by the accuracy of the information he previously had provided to Tully. The informant's past record of supplying credible information to Tully satisfies the reliability prong of the *Aguilar-Spinelli* test.

We turn to the basis of the knowledge requirement. The motion judge found that the informant had not provided the officer with information as to any underlying circumstances from which a basis for the informant's knowledge could be gleaned. However, the judge correctly concluded that this prong of the *Aguilar-Spinelli* test was satisfied by independent police corroboration of the specific details of the informant's tip. That ruling was correct. See *Commonwealth* v. *Robinson, supra* at 166. In this case, the defendant's physical appearance and clothing fit the informant's description. He arrived in Boston at the approximate time the informant predicted and he proceeded to the address at which the informant stated the defendant could be found. Accordingly, we conclude that the motion judge correctly denied the defendant's motion to suppress. The case is remanded to the Superior Court for trial.

*So ordered.*