COMMONWEALTH *vs.* DANA A. SPENCE.

Suffolk.  April 6, 1988. — August 4, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Arrest. Probable Cause. Search and Seizure,* Probable cause. *Constitutional Law,* Search and seizure, Probable cause.

In a criminal case, the judge erred in denying the defendant's motion to suppress heroin found on the defendant's person when he was arrested on the basis of an informant's tip that one of two black men traveling on a plane flight was carrying heroin, where the anonymous informant was not shown to be reliable, where the basis of the informant's knowledge was not shown, and where the police officers' independent observations of the defendant and his companion did not supply sufficient corroboration of the accuracy of the details of the informant's tip; thus, the requirements for probable cause to arrest were not satisfied. [181-182]

INDICTMENT found and returned in the Superior Court Department on September 11, 1986.

The case was heard by *Paul A. Chernoff,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant appeals from his conviction of possession of heroin with intent to distribute on the ground that the search of the defendant's person and the seizure of the heroin was unlawful and that the seized evidence should have been suppressed. We transferred the case from the Appeals Court on our own motion. We reverse.

We summarize the facts as found by the judge on the motion to suppress. On August 19, 1986, at about 3 P.M., State Trooper William Johnson received a telephone call from a secretary in

the State police office at Logan Airport. The secretary informed Johnson that William Burns, a reservations clerk with Eastern Airlines, had received an anonymous telephone call from an individual who asked that his call be connected to the police. When Burns informed the caller that the call could not be transferred, the caller told Burns that two black men had travelled from Boston on the Eastern Air shuttle to New York City and that they would be returning on the 3 or 4 P.M. shuttle to Logan Airport. The informant told Burns that one of the men was named Donald Williams. The caller described Williams as being approximately five feet six inches tall and wearing a black baseball cap. The informant stated that one of the men was carrying a large amount of heroin in the crotch area of his pants.

Trooper Johnson, who had been involved in an investigation of drug trafficking at Logan Airport, proceeded to the Eastern Airlines terminal in the company of another trooper.[1] The last two passengers to leave the 4 P.M. shuttle fit the description provided by the informant. The defendant, who was not wearing the baseball cap, had a noticeable bulge in his left crotch area. Both men moved slowly while scanning the area. In the arrival area, they met two men with whom they conversed for approximately thirty seconds. The defendant and his companion frequently looked toward one of the troopers. The defendant then left the group, walking quickly to the upper terminal without stopping in the baggage area.

Trooper Johnson followed the defendant to the upper terminal. He asked the defendant if he could speak with him. The defendant agreed. The defendant provided Johnson with his name, but he could produce no identification. The defendant did not respond when Johnson asked him about the bulge. The trooper then frisked the defendant and felt a hard object about the size of a package of cigarettes. Johnson reached into the defendant's pants and recovered a number of glassine packages of heroin tightly wrapped in newspaper.

---

[1] Although not noted in the judge's findings, Johnson, who was dressed in plain clothes, was accompanied by a uniformed trooper.

Following a jury-waived trial, the defendant was convicted and sentenced to serve two and one-half years in the Suffolk County house of correction, one year to be served, the balance suspended, with two years' probation. The defendant timely filed a notice of appeal.

The sole issue on appeal is whether there was probable cause to support the arrest and search of the defendant's person. See *Commonwealth* v. *Robinson, ante* 163 (1988). The judge below noted in his memorandum of decision on the motion to suppress, neither the informant's reliability nor the basis for his knowledge was established by the informant during the course of the telephone call. Thus, to satisfy the *Aguilar-Spinelli* test, the details of the informant's tip must be corroborated by the police officer's independent observation.

Turning to the question of the informant's reliability, we conclude that the independent police corroboration of the details of the informant's tip was not sufficient to satisfy this prong of the *Aguilar-Spinelli* inquiry. To determine the adequacy of the independent police corroboration of the informant's tip, we rely on the principles expressed in *Draper* v. *United States*, 358 U.S. 307 (1959). See *Commonwealth* v. *Robinson, supra* at 166; *Commonwealth* v. *Bottari*, 395 Mass. 777, 784 (1985); *Commonwealth* v. *Avery*, 365 Mass. 56, 63 (1974); *Commonwealth* v. *Kane*, 362 Mass. 656, 659 (1972); *Commonwealth* v. *Stevens*, 362 Mass. 24, 27-28 (1972).

In this case, the informant described only the defendant's race. The informant also only stated that either Williams or his companion would be carrying a large amount of heroin in his crotch area; the fact that the informant could not identify which man would actually be carrying the narcotics undermines his reliability. The informant's ability to describe in some detail the height and clothing of Spence's companion does not cure the deficiencies in the informant's description of the defendant. The fact that the defendant was travelling with an individual whom the informant was able to describe does not indicate anything about the reliability of the informant's tip concerning the defendant.

The informant's tip was not also adequately corroborated by the defendant's behavior. The informant correctly stated that the defendant would not be carrying luggage and on which flight the defendant and his companion would be returning to Boston and the fact that the defendant and Williams glanced at one of the troopers may suggest criminal activity.[2] Unlike the informants in the prior cases who described both the appearance and the expected behavior of the defendants, see *Robinson, supra* at 166; *Commonwealth* v. *Santana, ante* 167, 171 (1988); *Commonwealth* v. *Gonzalez, ante* 172, 175 (1988); *Commonwealth* v. *Farrow, ante* 176, 178 (1988), this informant failed to describe the defendant's appearance, with the requisite detail to satisfy the reliability prong of *Aguilar-Spinelli.*[3] However, the defendant's behavior alone will not support a finding of probable cause. Accordingly, we conclude that the independent police corroboration of the informant's tip does not satisfy the reliability prong of *Aguilar-Spinelli.*[4] The defendant's conviction is reversed.

*So ordered.*

---

[2] Although Trooper Johnson's experience suggested that individuals involved in drug transportation are often the first or last passengers to leave the plane, that behavior is not necessarily consistent with criminal behavior because someone must always leave the plane first and last.

[3] This case is similar to *Commonwealth* v. *Bottari, supra,* and *Commonwealth* v. *Borges,* 395 Mass. 788 (1985). In *Bottari,* the informant only told the police that the defendant would be parked in a 1978 Oldsmobile automobile with a particular license plate in a particular Somerville parking lot. The informant did not describe the defendant in any detail, and, indeed, the police arrested two individuals in the automobile. In that case we determined that "[t]he information provided and the limited corroboration of innocuous details in unsuspicious circumstances were insufficient to support probable cause . . . ." *Bottari, supra* at 784. In *Borges,* this court determined that there was no probable cause for an arrest where the reliability prong of the *Aguilar-Spinelli* inquiry was satisfied only by a description of the defendant's appearance and clothing. *Borges, supra* at 795. In this case, the informant provided even less detailed information about the defendant's physical appearance, and only sketchy detail about his expected behavior, including whether he even would be transporting the narcotics.

[4] The Commonwealth does not argue that the police officers had reason to believe that their safety or that of others was endangered. Thus, the search in this case cannot be sustained under *Terry* v. *Ohio,* 392 U.S. 1 (1968).

NOLAN, J. (dissenting). I dissent. The court today is persnickety to the point of exasperation in its demands on the police. The defendant admittedly "fit the description provided by the informant," *ante* at 180, down to the bulge in the crotch area of his pants. There was sufficient independent police corroboration.