COMMONWEALTH *vs.* DENNIS P. FARINON. No. 89-P-1457. August 30, 1990. *Probable Cause. Search and Seizure,* Probable cause, Exigent circumstances, Automobile, Container. *Constitutional Law,* Search and seizure, Probable cause.

The defendant was convicted of trafficking in more than 200 grams of cocaine. On appeal, he alleges error in the denial of his motion to suppress on the grounds that the search of a closed container seized from his automobile was conducted by police without probable cause and required a warrant. We affirm.

We summarize the facts obtained from a stipulation of the parties. Within the year preceding the defendant's arrest on October 1, 1987, Detective Morocco of the North Adams police department had received information from three separate confidential informants that the defendant was a dealer in cocaine. Within the two weeks preceding his arrest, Detective Morocco received information from a fourth confidential informant, who told the detective that the defendant was supplying large quantities of cocaine to several dealers in the northern Berkshire area. Detective Morocco considered this informant reliable because the informant identified a location where narcotics could be found, took the detective to that location, and showed him a substance which a field test confirmed to be cocaine. This informant also supplied the detective with additional information regarding the defendant's whereabouts and travels. Detective Morocco was able to corroborate the specific details of this information.

On October 1, 1987, the fourth informant got in touch with Detective Morocco and told him the defendant had returned from Florida with a large quantity of cocaine. Between 6:30 and 7:00 P.M. on October 1, 1987, the confidential informant contacted Detective Morocco again and told

him that the defendant had just been seen on West Main Street in North Adams making deliveries of cocaine; that the defendant had a large quantity of the drug in the front seat of a 1967 Chevrolet El Camino; that the cocaine was "inside of a blue Coleman cooler"; and that he had a large quantity of money with him. As a result of this information, Detective Morocco dispatched police to look for the defendant's vehicle. The police observed the defendant's 1967 El Camino pickup truck being operated on a public way and followed it until it stopped behind a residence. Within two to three minutes Detective Morocco arrived on the scene. He looked into the passenger compartment of the vehicle and observed an open carton of Raleigh cigarettes, in which was located a large quantity of folded money, and a blue Coleman drink cooler on the floor in front of the passenger seat. When Detective Morocco removed the cooler from the vehicle, the defendant said, "I'm busted." Detective Morocco opened the cooler and observed a black zippered pouch and a large quantity of white crystal substance which was packed in several plastic bags and appeared to be cocaine. The defendant was then placed under arrest at 7:45 P.M.

1. *Probable cause.* Probable cause was established by the information furnished by the fourth confidential informant. When an unnamed informant's tip is relied upon by law enforcement officers for probable cause to search, art. 14 of the Declaration of Rights of the Massachusetts Constitution requires that the information pass the two-pronged test set forth in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). The Commonwealth must demonstrate some of the underlying circumstances leading to the informant's knowledge as well as the informant's reliability or credibility. *Commonwealth v. Robinson*, 403 Mass. 163, 164-165 (1988). *Commonwealth v. Cast*, 407 Mass. 891, 896 (1990). If the informant's tip fails to satisfy one or both of these portions of the *Aguilar* test, independent police corroboration of information given may supplement the informant's tip to support a finding of probable cause. *Ibid.* Here the basis of knowledge test was satisfied by the specificity of information furnished to Detective Morocco by the fourth confidential informant on October 1, 1987. The informant named the defendant, described his vehicle, specifically located the drugs in the vehicle, and also told the detective that the defendant had a large quantity of money with him. The logical inference would be that the informant's information was based upon direct observation of the contraband in the vehicle to be searched. See *Commonwealth v. Amral*, 407 Mass. 511, 514 (1990); *Commonwealth v. Cast, supra* at 897.

The reliability of this informant was established by the corroboration of detailed information furnished by her through police investigation (*Commonwealth v. Cast, supra* at 896, 899) and by her identification of a location where narcotics were kept to which she had access and to which she brought the police. In addition, although the information furnished originally by three confidential informants was stale and in each case failed the

basis of knowledge test, it could be used as further corroboration of the fourth informant's tip. See *Commonwealth* v. *Nowells*, 390 Mass. 621, 624-627 (1983); *Commonwealth* v. *Kiley*, 11 Mass. App. Ct. 939 (1981).

2. *The automobile exception and exigent circumstances.* The defendant contends that even if the police had probable cause to search, the probable cause was directed to the closed container, the blue Coleman cooler, and that there were no exigent circumstances which necessitated a search without a warrant. The defendant is correct in noting that for a search of a vehicle to occur without a warrant, the police must have probable cause to believe that a particular automobile contains contraband and not just probable cause regarding a specific container whose relationship to the automobile is purely coincidental. *United States* v. *Ross*, 456 U.S. 798, 812-814, 817 (1982). *Commonwealth* v. *Cast*, 407 Mass. at 901-902. Here, the detective had information that the defendant had in his possession a large quantity of cocaine and money and that he was dispensing his cache from his motor vehicle. Although it is true that the informant specified that the cocaine was in the front seat of the car and was located in a blue Coleman cooler, probable cause based upon the information given here was not limited to a container which happened fortuitously to be in a motor vehicle; rather, it extended to the entire vehicle. As noted in *United States* v. *Ross*, *supra* at 824, "[t]he scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted [, but] . . . by the object of the search and the places in which there is probable cause to believe that it may be found." Because the probable cause in this case extended to the entire motor vehicle, the police had a right to search the contents of any container within the vehicle that might conceal the object of the search, including the blue Coleman cooler and the cigarette box containing a cache of money.

The defendant argues, however, that exigent circumstances were not present, because the police officer had seized and removed the cooler from the car. However, it is now established that the exigencies that allow the police to search a vehicle without a warrant also support the warrantless search of any container found therein. *Commonwealth* v. *Cast*, 407 Mass. at 907-908. *Commonwealth* v. *Wunder*, 407 Mass. 909, 913-915 (1990). Police received the information concerning the defendant between the hours of 6:30 P.M. and 7:00 P.M. They knew that the defendant was distributing his cache from a motor vehicle. The defendant was arrested at 7:45 P.M. In the circumstances there is no validity to the defendant's argument that exigent circumstances were not present.

*Judgment affirmed.*

*Edward P. Mulvaney* for the defendant.

*Robert J. Carnes*, Assistant District Attorney, for the Commonwealth.