COMMONWEALTH *vs.* IBRAHIM RAMON. No. 90-P-1199. January 7, 1992.
*Arrest. Probable Cause. Search and Seizure*, Probable cause, Affidavit.
*Constitutional Law*, Search and seizure, Probable cause.

The defendant (Ramon) was convicted of possession of a Class B sub-
stance with intent to distribute. He argues that his motion to suppress
statements and evidence, seized from his automobile and his person after a
warrantless search, should have been allowed because the police had no
probable cause to arrest and search him. As his basis for arguing that
there was no probable cause, he contends that information provided to the
police by a confidential informant satisfied neither the veracity nor basis of
knowledge prong of the *Aguilar-Spinelli* test, and the information was not
sufficiently corroborated by independent police observation. *Aguilar v.
Texas*, 378 U.S. 108 (1964). *Spinelli v. United States*, 393 U.S. 410
(1969). We conclude that there was sufficient corroboration, and, there-
fore, we affirm.

On January 27, 1989, Detective John Concannon of the Weymouth po-
lice department received a telephone call from a confidential informant
who told Concannon that two men, named Michael Bocchino and Herman
Miles, were going to a Mobil gasoline station at the intersection of Main
and Middle Streets late in the morning to meet a Puerto Rican male who
would be driving a white Buick automobile with Massachusetts license
plate number 578-PSA and that the purpose of the meeting was to effect a
sale of cocaine. On one other occasion this informant had given Concannon
information, and the information had led to the arrest of a named individ-
ual (but not, as of January 27, 1989, to the named individual's conviction).
Concannon set up a surveillance at the Mobil station and observed
Bocchino and Miles, both known to him to be involved in drug activities,
arrive at the station at 11:30 A.M. Within a few minutes of his arrival,
Bocchino made two telephone calls on the office pay telephone. Within ten
minutes Concannon saw a white Buick, with Massachusetts plate number
578-PSA, arrive at the station parking lot; a man who appeared to be Pu-
erto Rican and was later identified as the defendant, Ramon, was driving.
Bocchino and Miles got into the Buick, which drove down Middle Street
and stopped in the Lechmere Store parking lot. Concannon also drove to
the Lechmere lot, where he parked sixty feet from the Buick facing the
driver's side. Using binoculars, he observed Bocchino and Miles holding up
cash in their hands and the driver handing something to Bocchino. Con-
cannon pulled his unmarked cruiser in front of the Buick, got out of the
cruiser, identified himself as a police officer, and ordered the three men to
remain in the Buick. After other police arrived, Concannon ordered
Bocchino out of the Buick; he searched him and found seventy-four dollars
in cash and a small packet of paper in his jacket. Within the paper was a
quantity of a white powder which had the appearance of cocaine. Concan-
non proceeded to search Miles, who had twenty dollars in cash but no
contraband, and then Ramon, the driver, who had eleven dollars in cash

and no contraband. The three males were placed under arrest; Concannon searched the Buick and found an electronic beeper and a portable cellular telephone, but no contraband.

Neither the basis of knowledge prong nor the veracity prong of the *Aguilar-Spinelli* test is met by the informant here. He failed to give any statement which established how he had acquired the information provided to Detective Concannon. We are unable to determine, therefore, whether he based his tip on personal knowledge or on "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Commonwealth* v. *Robinson*, 403 Mass. 163, 165 (1988). Although he had provided information which had led to the arrest of a named individual on drug charges, at the time of the Ramon incident no conviction of that individual had occurred. An "affidavit which recites only that an informant previously provided information leading to an arrest is not sufficient to satisfy the reliability test." *Commonwealth* v. *Mejia*, 411 Mass. 108, 111 (1991). In this case there are no details given which discuss the circumstances of the past arrest or the informant's past accuracy. See *id.* at 112. Compare *Commonwealth* v. *Perez-Baez*, 410 Mass. 43, 46 (1991), in which a prior tip had led to the seizure of a controlled substance at a specified location.

It is possible to satisfy the *Aguilar-Spinelli* test when neither prong has been met, if the details of the tip are corroborated by independent police observation. *Commonwealth* v. *Spence*, 403 Mass. 179, 181 (1988). We continue to use the *Draper* standard (*Draper* v. *United States*, 358 U.S. 307, 309-310, 313-314 [1959]) as a "benchmark" for establishing what is needed to illustrate necessary corroboration. *Commonwealth* v. *Robinson*, 403 Mass. at 166, quoting from *Spinelli* v. *United States*, 393 U.S. at 416. In *Draper*, the informant described the defendant as a black male, age twenty-seven, five feet eight inches tall, weighing 160 pounds, wearing a light raincoat, brown slacks, and black shoes, carrying a tan zipper bag, and habitually walking very fast, and said that the defendant would be coming from Chicago by train on the morning of either the eighth or ninth of September; the Federal narcotics agent verified every facet of this information. *Draper* v. *United States*, 358 U.S. at 309-310 & n.2, 313. In this case Detective Concannon observed Bocchino and Miles, known to him for drug involvement, meeting with a Puerto Rican male in the exact location given by the informant at a time suggested by the informant. Additionally, Ramon's car was a white Buick with the license plate number predicted by the informant. And, finally, Detective Concannon observed an exchange of money. We conclude that the information corroborated in this case compares favorably with the *Draper* facts as well as with the facts in cases where the Supreme Judicial Court has applied *Draper*. See *Commonwealth* v. *Robinson*, 403 Mass. at 164-166; *Commonwealth* v. *Santana*, 403 Mass. 167, 168, 171 (1988); *Commonwealth* v. *Farrow*, 403 Mass. 176, 177-178 (1988). Compare *Commonwealth* v. *Brown*, *ante* 574 (1991)

(where the police had no information about alleged criminal activity and the court found that "corroboration of innocuous details in unsuspicious circumstances" did not support probable cause).

We conclude that the independent police corroboration of the informant's tip satisfied both prongs of the *Aguilar-Spinelli* test and the trial judge correctly denied Ramos's motion to suppress.

*Judgment affirmed.*

The case was submitted on briefs.

*Paul F. Murphy* for the defendant.

*Robert · C. Cosgrove,* Assistant District Attorney, for the Commonwealth.