COMMONWEALTH *vs.* STEVEN L. MOTTA. No. 91-P-1280. March 22, 1993. *Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause. *Probable Cause.*

On appeal from his conviction for trafficking in cocaine, the defendant alleges error in the denial of his motion to suppress. He contends that the reliability of the informant who furnished the information for the issuance of a search warrant was not established. We agree and reverse his conviction.

Here, the affiant stated that the informant had furnished information which had led to the arrest of two named individuals for possession of cocaine with intent to distribute. This statement standing alone was insufficient to establish the reliability of the informant. *Commonwealth* v. *Rojas*, 403 Mass. 483, 486 (1988). The Commonwealth contends that this deficit was overcome by independent corroboration of the informant's information set forth in the affidavit. *Commonwealth* v. *Germain*, 396 Mass. 413, 417 (1985). *Commonwealth* v. *Robinson*, 403 Mass. 163, 166 (1988).

---

In the affidavit, the affiant stated that he had received information from the informant that a white male named Steve, described as "5'11," thin, mustache, mid-thirties, and operating a black Chevy Monte Carlo[,] is dealing cocaine and has a kilo of cocaine . . . at his house at 52 Elm Ave. in Fairhaven." The affiant further averred that he had seen a black "Chevy" Monte Carlo automobile in the yard at that address and that a check of municipal records disclosed that 52 Elm Avenue in Fairhaven was occupied by "Steven L. Motta[,] . . . a white male, 5' 11" in height, with a thin mustache, being 34 years old." The affiant also stated that a check of the New Bedford police records showed that a Steven L. Motta had been arrested for possession of cocaine and on another occasion for trafficking in cocaine.

This corroborating information was insufficient to establish the informant's reliability. The information supplied by the informant, which was corroborated by police investigation, did not include any specific details about the defendant which were not easily obtainable by an uninformed bystander. See *Commonwealth* v. *Lyons*, 409 Mass. 16, 19-22 (1990); *Commonwealth* v. *Brown*, 31 Mass. App. Ct. 574, 577-580 (1991). Cf. *Commonwealth* v. *Bakoian*, 412 Mass. 295, 298-302 (1992). The record check of the defendant did not disclose when the arrests occurred and whether he had been convicted of those charges. *Commonwealth* v. *Germain*, 396 Mass. at 418 n.7. *Commonwealth* v. *Spano*, 414 Mass. 178, 183, 185 (1993). In these circumstances, we conclude that the independent corroboration did not compensate for the deficiency in establishing the informant's reliability.

*Judgment reversed.*
*Finding set aside.*
*Judgment for the defendant.*

*Antone B. Cruz, Jr.*, for the defendant.
*Cynthia A. Vincent*, Assistant District Attorney, for the Commonwealth.