## COMMONWEALTH vs. SANTA PAREDES.

No. 93-P-432.

Suffolk. October 27, 1993. - December 23, 1993.

Present: BROWN. SMITH. & GREENBERG. JJ.

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Probable cause, Automobile, Exigent circumstances.

Police officers had probable cause and exigent circumstances to justify a warrantless stop and search of a motor vehicle and its driver for controlled substances. [668-670]

INDICTMENT found and returned in the Superior Court Department on February 14, 1992.

A pretrial motion to suppress evidence was heard by *John J. Irwin, Jr., J.*

An application for an interlocutory appeal was allowed by *John M. Greaney*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*James J. Villani* for the Commonwealth.

*John Benzan* for the defendant.

BROWN, J. This is an appeal taken by the Commonwealth pursuant to Mass.R.Crim.P. 15(b)(2), 378 Mass. 884 (1979), from an order allowing the defendant's motion to suppress evidence obtained as a result of a stop of a vehicle that she was operating. We reverse.

Based on a tip from an "unnamed" informant that drugs were being distributed from 9 Seymour Street in the Roslindale section of Boston, and corrobative information pro-

vided by police investigation of activity at that location,[1] Detective Dominguez obtained a search warrant for that residence and for the persons of the defendant and one Francisco Heredia. At approximately 5:00 to 5:30 P.M. on the day that the search warrant was to be executed, Detective Dominguez was contacted again by the informant. The informant explained that the defendant would soon make a delivery of cocaine to 9 Seymour Street. Upon receiving this new information Detective Dominguez returned to 9 Seymour Street to continue his surveillance.

As the informant had predicted, within an hour's time, the defendant left the building at 9 Seymour Street and drove two miles directly to her personal residence at 2 Beechland Street in Roslindale. After a brief stay at her home, the defendant again entered her automobile and drove in the direction of the residence at 9 Seymour Street. Approximately one-half mile from the apartment, the defendant was stopped by a team of police officers who had been following her.[2]

The defendant was placed in the back of Detective Dominguez's cruiser and taken to 9 Seymour Street. As no female police officer was present, she was not searched at that time. After fruitless searches of the residence,[3] the defendant's au-

---

[1] The motion judge found that the police investigation included (1) surveillance and observation of heavy "traffic activity [that] was consistent with a drug distribution operation" at the premises, see *Commonwealth* v. *Parapar*, 404 Mass. 319, 323 (1989), (2) confirmation of the description of the defendant's physical characteristics and the make, model and plate registration number of her automobile, and the further discovery that it was registered at a different address in Roslindale, (3) verification of a connection between the defendant and the male occupant of that address and the presence of her automobile at that location, and (4) an orchestrated controlled buy (from someone other than the defendant) at the premises. Also, Detective Dominguez stated in his affidavit in support of the application for a search warrant that, upon inspection of the trash from the Seymour Street residence, he discovered "assorted cut off plastic bags containing a white powder residue."

[2] Parenthetically, we do not engage in a debate whether the officer's stop of the defendant was premature, but we do think it appropriate to make mention of Detective Dominguez's thorough investigation. See note 1 *supra.*

[3] At the residence, "[t]he police found some [drug] paraphernalia but no drugs."

tomobile, and the defendant's person, the defendant was released.

Later that same day, Detective Dominguez found a handbag that belonged to the defendant in the back of his cruiser. On the floor of the cruiser he found a bag containing over fifty-five grams of cocaine. Based on the discovery of this evidence, Detective Dominguez arrested the defendant for trafficking in cocaine.

The motion judge determined the stop and search of the defendant and her automobile to be illegal on two bases: first, the defendant's automobile was not within the curtilage of the premises to be searched under the warrant; second, the affidavit in support of the search warrant for the residence at 9 Seymour Street and the subsequent tip the police received did not establish that there was probable cause to believe that the defendant was transporting drugs in her automobile. The motion judge concluded that there was no direct evidence that the defendant was personally selling or distributing drugs, and he held that the informant's tip concerning an imminent delivery of cocaine was not sufficiently detailed to create probable cause to stop the defendant. He accordingly ordered that the evidence obtained as a result of the stop should be suppressed. We disagree.

"In reviewing the judge's ruling on a motion to suppress, we accept the motion judge's subsidiary findings unless there is clear error. We give substantial deference to the judge's ultimate findings. . . . We do, however, review the judge's application of constitutional principles to the facts." *Commonwealth* v. *Colon-Cruz*, 408 Mass. 533, 538-539 (1990) (citations omitted). There was probable cause to stop the car,[4] and the evidence seized as a result of the defendant's subsequent arrest was not tainted by constitutional error. "Probable cause does not require a showing that the police had resolved all their doubts. All that was required was that

---

[4]Due to the track record of the informer the "veracity prong" (i.e., credibility of the unnamed informant or reliability of the information provided) of the familiar "*Aguilar-Spinelli*" test is not in contention here. See *Commonwealth* v. *Cast*, 407 Mass. 891, 896 (1990).

' "the facts and circumstances within . . . [the officers']
knowledge and of which they had reasonably trustworthy in-
formation [were] sufficient in themselves to warrant a man of
reasonable caution in the belief that" an offense [had] been
or [was] being committed' " (citations omitted). *Common-
wealth* v. *Olivares*, 30 Mass. App. Ct. 596, 598-599 (1991).
The instant circumstances are controlled in material respects
by the reasoning and result reached in *Commonwealth* v.
*Cast*, 407 Mass. 891, 895-901 (1990), and *Commonwealth* v.
*King, ante* 221, 224-226 (1993).

The linchpin of the defendant's argument is that the Com-
monwealth failed to establish the critical nexus between the
premises for which the search warrant had been issued and
the defendant's automobile. Conceding, as it must, that the
warrant authorizing a search of the premises at 9 Seymour
Street did not, by itself, justify the stop of the defendant's
automobile en route to that location,[5] the Commonwealth as-
serts that probable cause and exigent circumtances con-
verged to allow the stop of the defendant's automobile. See
*Commonwealth* v. *Cast*, 407 Mass. at 901; *Commonwealth*
v. *Bakoian*, 412 Mass. 295, 301-303 (1992); *Commonwealth*
v. *King, supra* at 225-226 & n.7.

The motion judge found that, in addition to gathering the
verification information set out in the margin (see note 1,
*supra*), the affiant, Detective Dominguez, was told by the in-
formant (who had passed the "veracity" test, see note 4,
*supra*) that Heredia and the defendant were involved in the
sale of cocaine at 9 Seymour Street, and also that they con-
ducted a distribution operation from that residence, which
"involved telephone orders for drugs and deliveries by auto-
mobile." Contrast *Commonwealth* v. *Lyons*, 409 Mass. 16,
20-22 (1990). As already mentioned (see note 1, *supra*),
Detective Dominguez, in providing further corroboration,

---

[5]Neither the informant, nor the police officers who conducted the sur-
veillance at 9 Seymour Street, observed the defendant deliver, buy or sell
drugs, or otherwise participate in drug activity. There also is no clear indi-
cation in the record that the defendant was even present at the time the
informant alleges he witnessed a drug transaction. Contrast *Common-
wealth* v. *Carrasquillo*, 30 Mass. App. Ct. 783, 786-787 (1991).

among other things, verified the descriptions of the two persons and their respective automobiles (i.e., make, model and plate registration number), see *Commonwealth* v. *Parapar*, 404 Mass. 319, 323 (1989), and superintended a controlled buy of cocaine on the premises from Heredia, cf. *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 838-839 (1989), and authorities cited. In addition, the informant accurately predicted the expected behavior of the defendant within a narrow time frame on·the night in question, which the law enforcement officials corroborated. See *Commonwealth* v. *Cast*, 407 Mass. at 898.

"[A]n informant's detailed tip, plus independent police corroboration of those details, of the type that occurred in *Draper* v. *United States*, [358 U.S. 307 (1959)], can compensate for deficiencies in either or both [elements] of the *Aguilar-Spinelli* [canon], and thus satisfy the art. 14 probable cause requirement." *Commonwealth* v. *Cast*, 407 Mass. at 896, and cases cited. See *Commonwealth* v. *Ciaramitaro*, 26 Mass. App. Ct. 110, 115 (1988). Contrast *Commonwealth* v. *Oliveira*, *ante* 645 (1993). That is what happened here. See *Commonwealth* v. *Robinson*, 403 Mass. 163, 166 (1988). Contrast *Commonwealth* v. *Borges*, 395 Mass. 788, 789 (1985) (informant did not indicate to police any expected behavior on the defendant's part); *Commonwealth* v. *Spence*, 403 Mass. 179, 182 & n.3 (1988), and cases cited (informant accurately predicted defendant's activity but failed to describe the defendant's appearance).

The information provided by the informant coupled with the careful police investigation conducted here provided probable cause to stop the defendant and to search her and her vehicle. A warrant was not required as exigent circumstances existed. See *Commonwealth* v. *Cast*, 407 Mass. at 903-906; *Commonwealth* v. *King*, *supra* at 225-226. But see also *id.* at 226-227.

*Order allowing motion to suppress reversed.*