COMMONWEALTH *vs.* BERKIS AVALO. No. 93-P-1391. July 28, 1994. *Constitutional Law*, Search and seizure. *Search and Seizure*, Threshold police inquiry, Container, Plain view, Probable cause. *Probable Cause. Controlled Substances.*

The defendant appeals from her conviction of trafficking in more than twenty-eight grams of cocaine (G. L. c. 94C, § 32E). She argues that a Superior Court judge erred in denying a motion to suppress cocaine seized as a result of a warrantless search. The defendant also claims the judge committed error in refusing to permit her to ask a witness whether she was the informant who gave the police information that resulted in the defendant's arrest.

After denying the defendant's suppression motion, the judge filed a memorandum of decision containing her findings of fact, rulings of law, and order denying the motion. We summarize her findings of fact.

On May 21, 1992, at about 11:30 A.M., Steven Downey, a member of the Lynn police drug task force, received a telephone call from a confidential informant. The informant had given reliable information in the past that led to arrests and seizure of drugs. The informant told Downey that "in twenty minutes a motor vehicle would arrive at a video store at 177 Chestnut Street . . . with a blond haired, light skinned, thin 'Dominican' female to do a drug transaction." The informant stated that the subject would be between 5'5" and 5'8" tall. The informant also said that the subject would carry the cocaine in a false bottomed container and that she transacted business over a portable cellular telephone. The informant did not describe the car, specify the registration number, or state that the subject would have any companion with her when she arrived.

After receiving the telephone call, Downey and another officer went to 177 Chestnut Street. At about 11:45 A.M., an Hispanic male drove a vehicle into the parking lot adjoining the video store. The male driver and a female Hispanic passenger (the defendant) got out of the automobile. They did nothing suspicious. The police officers observed that the defendant matched the informant's description in that she had blond hair and was between 5'5" and 5'8" tall.

The police officers approached the pair, identified themselves, and asked them where they were going. The male responded that they were going across the street. When the police asked for identification, the male responded that he did not have any and that the defendant did not speak English. He then said something to the defendant. She responded by opening her pocketbook, which was wide mouthed, to get identification. Downey observed in plain view a metal aerosol spray container of K-Mart brand window cleaner in the top of her pocketbook. It appeared intact. Based on his prior experience and training concerning false bottomed containers used for concealing drugs, Downey believed that most false bottoms are located in common household products. He seized the container from the purse; the container was "basically empty." He banged it on the ground. Five plastic bags with a powdery substance which appeared to be cocaine fell out of the bottom of the can, which did turn out to be a false bottom. The defendant and her companion were then arrested.

The judge ruled that exigent circumstances were present and that, therefore, it was impracticable for the police to obtain a warrant. Further, she ruled that the tip furnished by the informant coupled with the police's corroboration of the details of that tip provided probable cause for the seizure of the container and its subsequent search.

The defendant does not argue that her rights under the Fourth Amendment to the Federal Constitution were violated by the police when they stopped her, identified themselves, and proceeded to question her as to her destination. Nor does the defendant argue that her Fourth Amendment rights were implicated by the officer's observation of the container, in plain view, in her handbag. See *Commonwealth* v. *Doulette*, 414 Mass. 653, 656 (1993); *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 645, 649 (1993). She does claim, however, that the police officer lacked probable cause to seize the container from the handbag and conduct a search of the container's contents.

"[A] *seizure* of an item in plain view, 'intrudes upon the owner's possessory interest in that item and thus implicates constitutional considerations'" (emphasis original). *Commonwealth* v. *Garcia, supra*, quoting from *Commonwealth* v. *Figueroa*, 412 Mass. 745, 749 n.6 (1992). Therefore, "absent a finding of consent on the part of the defendant permitting this action, [the seizure of the container] was a seizure requiring 'probable cause and a warrant or exigent circumstances justifying the lack of a war-

rant.' " *Ibid.*, quoting from *Commonwealth* v. *Sergienko*, 399 Mass. 291, 296 (1987).

To comport with art. 14 of the Massachusetts Declaration of Rights, a search executed in response to an informant's tip must meet the two-prong standard of probable cause set forth in *Commonwealth* v. *Upton*, 394 Mass. 363, 375 (1985). The Commonwealth must "demonstrate (1) some underlying circumstances from which the law enforcement officials could have concluded that the information was reliable (the veracity test); and (2) some underlying circumstances which demonstrate a basis of the informant's knowledge (basis of knowledge test)." *Commonwealth* v. *Robinson*, 403 Mass. 163, 164-165 (1988). Independent police corroboration of an informant's tip can fill in any deficiencies in either or both prongs of the *Upton* test, and thus satisfy the art. 14 probable cause requirement. *Commonwealth* v. *Cast*, 407 Mass. 891, 896 (1990). On appeal, the defendant does not contest the judge's ruling that the veracity test was met. Rather, she claims that the details furnished by the informant and corroborated by the police did not satisfy the basis of knowledge test. Therefore, "[t]he close question here is whether, under standards developed by our cases, the information in the tip, corroborated by independent police work, was sufficiently detailed to show that it was based on 'something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' " *Commonwealth* v. *Brown*, 31 Mass. App. Ct. 574, 577 (1991), quoting from *Commonwealth* v. *Robinson*, 403 Mass. at 165. The Commonwealth relies on *Draper* v. *United States*, 358 U.S. 307 (1959), in this case as "a suitable measurement," see *Commonwealth* v. *Gonzalez*, 403 Mass. 172, 175 (1988), for determining whether the police corroboration of the details of the informant's tip, satisfied the basis of knowledge test. "In *Draper* the informant described the defendant as a black man, twenty-seven years old, five feet eight inches tall, weighing about 160 pounds, and wearing a light-colored raincoat, brown slacks and black shoes." *Commonwealth* v. *Brown, supra* at 578.

Here, the informant provided details, corroborated by the police, of the defendant's physical description in terms of national origin or ethnic group; hair color, build, and approximate height. The defendant also arrived at the time and place contained in the informant's information. "Corroboration of innocent details is normally less significant in establishing probable cause then corroboration of facts suggestive of criminal conduct." *Commonwealth* v. *Bottari*, 395 Mass. 777, 784 (1985).

We note that the information in the tip did not give a description of the vehicle in which the defendant would be traveling nor state that she would be in the company of another person. The tip did not give a description of the defendant's clothing or indicate that she would be carrying a handbag. Further, the false bottomed container was not described by size or color,

nor did the informant provide any details as to where the container could be found.

We are aware that the officer's observation of the container in the defendant's handbag corroborated to some extent the information provided by the informant. The container, itself, was innocent in its appearance. "We recognize that a police officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person." *Commonwealth* v. *Garcia, supra* at 651.

However, in the circumstances present here, we hold that the information provided by the informant and the "corroboration of innocuous details in unsuspicious circumstances were insufficient to support probable cause, 'for the description of criminal activity was without the detail, either as to its content or the process by which the content was obtained, that could raise it above the level of casual rumor.' " *Commonwealth* v. *Brown, supra* at 579, quoting from *Commonwealth* v. *Bottari,* 395 Mass. at 784.

Because of our holding, it is not necessary to reach the other issue raised by the defendant.

The order denying the suppression motion is reversed, the judgment is reversed, the verdict set aside, and the case is remanded to the Superior Court for the entry of a finding of not guilty.

*So ordered.*

*Joseph B. Lutz* for the defendant.
*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.