Lenk, J.
Defendant Mark Richards (“Richards”) has been indicted for possession with intent to manufacture, distribute or dispense a controlled substance in Class D as defined by G.L.c. 94C, §31. Richards has moved to suppress evidence seized at his home on the grounds that it was obtained in violation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, by the Massachusetts Constitution and Declaration of Rights and of Massachusetts General Laws, c. 276, §§1-7. For the reasons set forth below, the court allows the motion.
Findings of Fact
On December 3, 1994 the Waltham Police Department obtained a warrant pursuant to an affidavit filed by Detective Joseph L. Connors, III (“Connors”) to search 69 Briarwood Road, the residence of defendant Richards.[1] Detective Connors relied largely upon information gained via a confidential informant. This confidential informant had recently provided information to the Waltham Police Department Narcotics Unit that led to an arrest for possession with intent to distribute cocaine plus the seizure of over nine grams of cocaine and a handgun. This confidential informant told Connors that the defendant was selling cocaine out of his residence, as well as making deliveries. The confidential informant explained that, in order to purchase cocaine from Richards, you must first call him at home or page him on his beeper. Then, according to the confidential informant, Richards will have you come to his home, or he will deliver the cocaine to you at a predetermined location, often arriving in an Isuzu Trooper. The confidential informant also told Connors where the defendant lives, whom he lives with, and what he looks like.
The police independently corroborated the personal data on Richards in addition to arranging a controlled buy to corroborate the defendant’s mode of operation. In order to execute the controlled buy, the confidential informant called Richards at home and arranged to purchase cocaine at a predetermined but unidentified location. The police then witnessed the defendant leaving his home and meeting with the confidential informant at said prearranged location. A subsequent search of the informant revealed that the informant had purchased cocaine from the defendant. In addition, the police conducted a surveillance of the defendant’s residence during which they observed several people enter and exit the house very quickly, all the while appearing to be very cautious of their surroundings. During this surveillance, the police also observed the defendant leave his house for very short meetings, appearing to be very nervous and cautious of his surroundings.
Rulings of Law
An application for a search warrant must include an affidavit containing facts, information, and circumstances upon which the affiant relies in order to *262 establish probable cause to issue the warrant. G.L.c. 276, §233. To establish probable cause, the affidavit must “contain enough information for the issuing magistrate to determine that the items sought are related to the criminal activity under investigation, and that they may reasonably be expected to be located in the place to be searched.” Commonwealth u. Fenderson, 410 Mass. 82, 88 (1991). When challenging a search conducted pursuant to a search warrant, the defendant has the burden of showing that the evidence was illegally obtained. Commonwealth v. Taylor, 383 Mass. 272, 280 (1981). A court reviewing a finding of probable cause may consider only facts revealed on the face of the affidavit and any reasonable inferences drawn therefrom. Commonwealth v. Allen, 406 Mass.' 575, 578 (1990); Commonwealth v. Jean-Charles, 398 Mass. 752, 757 (1986).
When information supplied by a confidential informant has been used to establish probable cause, the affidavit must satisfy the two-pronged test set forth in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969). Commonwealth v. Upton, 394 Mass. 363, 374 (1985). Under the AguilarSpinelli standard, the affidavit must set forth facts to support (1) the informant’s basis of knowledge, and (2) the informant’s veracity. Commonwealth v. Upton, supra, 394 Mass, at 375. Each element of the test must be separately considered and satisfied or supplemented in some way. Id. at 376.
One manner of satisfying the first prong is by establishing an informant’s first-hand knowledge of the information. Commonwealth v. Spano, 414 Mass. 178, 185 (1993); Commonwealth v. Mejia, 411 Mass. 108, 111 (1991). Alternatively, a confidential informant’s basis of knowledge can be established by a detailed tip that is independently corroborated by the police. Draper v. United States, 358 U.S. 307 (1959); Commonwealth v. Bakoian, 412 Mass. 295, 302 (1992). Here, the Connors affidavit does not recite that the confidential informant had first-hand knowledge that the defendant was selling and delivering cocaine from his residence; the informant provided no descriptive information regarding the appearance of the interior of the Richards residence or the location of the cocaine inside of the residence to suggest such knowledge. Connors Aff. ¶2. Nor does the affidavit state that the confidential informant purchased cocaine from the defendant at the defendant’s residence at any time. Connors Aff. ¶2.
The tip provided by the confidential informant in the case at bar described how one would go about arranging to purchase cocaine from the defendant and personal data about the defendant. Connors Aff. ¶2. The police corroborated the information regarding the defendant’s style of dealing by executing a controlled buy of cocaine from the defendant. Connors Aff. ¶8. The controlled buy occurred outside the Richards residence, however, and there is no indication in the affidavit that the defendant brought the cocaine to the controlled buy from inside his home.
The police also verified all of the personal information on Richards, but none of it relates to the defendant’s sale or delivery of cocaine from his home— or anywhere else, for that matter. Connors Aff. ¶¶4, 5. Thus, the Connors affidavit fails to establish a basis of knowledge for the confidential informant’s tip regarding the sale and delivery of cocaine by the defendant from his home.
Under the second prong of Aguilar-Spinelli, the affidavit must contain facts establishing “either the general veracity of the informant or the specific reliability of his [or her] statement” in the particular case. Commonwealth v. Prapar, 404 Mass. 319, 322 (1989); Commonwealth v. Borges, 395 Mass. 788, 794 (1985). If the informant has provided information leading to the arrests and convictions of other individuals, this will usually be sufficient to satisfy the veracity prong. Commonwealth v. Amral, 407 Mass. 511, 515 (1990). A tip that leads not only to an arrest for possession but also to a seizure of cocaine is also sufficient to satisfy the veracity test. Commonwealth v. Byfield, 413 Mass. 426, 431 (1992).
The Connors affidavit states that the confidential informant provided information to the Waltham Police Department that led to the recent arrest of an individual for possession with intent to distribute cocaine and the seizure of over nine grams of cocaine and a handgun. Connors Aff. ¶1. The affidavit does not establish, though, any other underlying circumstances that would establish the informant’s credibility. That the informant supplied information leading to a single arrest, without more, does not establish the informant’s veracity. Commonwealth v. Lapine, 410 Mass. 38 (1991); Commonwealth v. Melendez, 407 Mass. 53, 59 (1990); Commonwealth v. Rojas, 403 Mass. 483, 486 (1988); Commonwealth v. Motto, 34 Mass.App.Ct. 921, 921 (1993).
When an informant has not sufficiently cooperated with the police to satisfy the veracity prong, similar to the manner in which the basis of knowledge prong can be satisfied, a highly detailed tip with independent police corroboration can serve to bolster the informant’s reliability. In the instant case, the controlled buy did not corroborate information regarding the defendant’s sale and delivery of cocaine from his home, and although several people were seen visiting the defendant’s home, no exchanges of money were observed and there was no information that the persons observed were involved in drug-related activities. Observations that visitors were “being very cautious” and moving in a “quick manner” are insufficient to suggest criminal behavior. Commonwealth v. Reddington, 395 Mass. 315, 321 (1985). The corroboration of innocuous details alone is insufficient to support probable cause. Commonwealth v. Brown, 31 *263 Mass.App.Ct. 574, 577 (1991); Commonwealth v. Bottari, 395 Mass. 777, 784 (1985); Commonwealth v. Avalo, 37 Mass.App.Ct. 904, 907 (1994). Thus, the veracity prong, if satisfied at all, is satisfied by the very thinnest of margins here. However, since the basis of knowledge prong is so clearly unmet, the extent to which the veracity prong is satisfied need not be decided.
The affidavit in support of the warrant to search defendant Richards’s home failed to establish probable cause to believe that Richards was engaged in criminal activity at the subject premises. Therefore, the evidence seized in the search conducted pursuant to the warrant must be suppressed.
Order
For the foregoing reasons, it is hereby ordered that defendant Mark R. Richards’s motion to suppress be allowed.

The warrant also permitted a search of an Isuzu Trooper driven by the defendant.