Lauriat, J.
The defendant, Cesar DeLaCruz (“DeL-aCruz”), stands indicted for the offenses of trafficking in cocaine and conspiracy to violate the controlled substances laws. DeLaCruz has now moved to suppress certain evidence which was seized from 137A Winthrop Street, Apartment #24, in Framingham, Massachusetts on October 29, 1994, on the ground that the affidavit supporting the search warrant for those premises was deficient. For the reasons which follow, the defendant’s “Motion to Suppress — With Warrant” is denied.
BACKGROUND
The following factual allegations are set forth within the four corners of the affidavit submitted in support of the search warrant:
On October 25, 1993, Officer Michael Siaba (“Siaba”) met with a confidential informant (“Cl”). Cl stated that he knew of two individuals who were selling cocaine out of their apartment at 137A Winthrop Street, Apartment #24, Framingham, Massachusetts (“the Premises”). One of the individuals, a male, was named “Cesar” and the other individual, a female, was named “España.” Cl described both of these individuals in detail and told Siaba that he had dealt with both España and Cesar in the past.
On the same day, Cl agreed to engage in a “controlled buy” at the Premises. Cl was searched for contraband and then given Framingham Police funds to buy cocaine from the individuals at the Premises. Cl was observed to walk in the front door of the 137A Winthrop Street. Moments later, Cl was observed in *124 Apartment #24. Within ten minutes, Cl exited the Premises and met Siaba at a predetermined location. Cl stated that he had purchased cocaine at the Premises and handed Siaba a plastic baggie containing a white rocky substance which was determined to be cocaine.
Prior to the purchase, Cl pointed out a vehicle which he stated belonged to España and Cesar. After conducting an inquiry, Siaba determined that the vehicle was registered to España Germosen, 137A Winthrop Street, Apartment #24, Framingham. On October 26, 1993, Siaba and another detective surveyed the Premises and observed individuals looking out of Apartment #24. On the same day, the vehicle registered to España Germosen was stopped by Officer Paul Nicoli (“Nicoli”). DeLaCruz was operating the vehicle and he told Nicoli that the vehicle was owned by his wife, España Germosen. DeL-aCruz further told Nicoli that he was a resident of the Premises with his wife.
During the previous eight months, Siaba and another detective had conducted surveillance of an individual named Rafael Diplan (“Diplan”). Diplan had transported cocaine to an undercover Framingham Police Officer on six separate occasions. Diplan used two cars for transporting the cocaine, both of which were registered to Cesar DeLaCruz.
Within forty-eight hours prior to the execution of the affidavit, Cl engaged in two more “controlled buys” at the Premises. Each time, Cl purchased a substance which was later determined to be cocaine.
During his surveillance of the Premises, Siaba observed the Premises to be locked electronically, allowing access only to residents or visitors. Siaba further observed that individuals were looking out of the windows of Apartment #24. Siaba averred that he believed that evidence might be destroyed prior to entrance by the Police. On October 29, 1993, the magistrate issued a “no knock” search warrant for the Premises.
DISCUSSION
Where a search is conducted pursuant to a warrant, the defendant bears the burden of proving that the evidence was illegally obtained. Commonwealth v. Westerman, 414 Mass. 688, 691 (1993). The defendant contends that the affidavit supporting the search warrant is defective on its face. In reviewing the propriety of the issuance of the search warrant, the magistrate’s determination of probable cause must be sustained if there was a reasonable basis for his conclusion that the property sought was probably at the location to be searched. Commonwealth v. Saleh, 396 Mass. 406, 411 (1985).
The supporting affidavit in this case recites information supplied by a confidential informant. Where an affidavit relies on information provided by a confidential informant, the magistrate must be informed of the basis of the informant’s knowledge and some of the underlying circumstances from which the affiant concluded that the informant is credible or his or her information is reliable. Aguilar v. Texas, 378 U.S. 108 (1964); Spinelli v. United States, 393 U.S. 410 (1969); Commonwealth v. Upton, 394 Mass. 363, 374 (1985).
The affidavit states that Cl had personally dealt with the defendant at the Premises on prior occasions, thus satisfying the basis of knowledge prong. See Commonwealth v. Mejia, 411 Mass. 108, 111 (1991) (informant’s basis of knowledge was established because the informant personally observed the activities that took place in the defendant’s apartment). The affidavit, however, recites no prior history of Cl’s reliability. Nonetheless, the affidavit contains information which both corroborates Cl’s tip and supplies an independent source for a determination of probable cause. Commonwealth v. Ramon, 31 Mass.App.Ct. 963, 964 (1992), citing Commonwealth v. Spence, 403 Mass. 179, 181 (1988) (it is possible to satisfy the Aguilar-Spinelli test when neither the basis of knowledge prong, nor the veracity prong have been met, if the details of the tip are corroborated by independent police observation).
Siaba used Cl to make three separate “controlled buys” of cocaine from the Premises. Commonwealth v. Blake, 413 Mass. 823, 82627 (1992) (a “controlled buy” can be a consideration in determining the reliability of an informant); see also Commonwealth v. Desper, 419 Mass. 163, 170 (1994) (two controlled buys sufficient to establish probable cause). Further, the traffic stop of DeLaCruz confirmed the identity of the individuals living at the Premises. Reading the affidavit in an ordinary, commonsense manner without hypertechnical analysis, Commonwealth v. Melendez, 407 Mass. 53, 60 (1990), the information contained in the affidavit supports the magistrate’s determination that there was probable cause to believe that the items sought, including, inter alia, cocaine, money, and various drug paraphernalia, would be located at the Premises. Accordingly, the court concludes that the search warrant was properly issued.[1]
ORDER
For the foregoing reasons, the defendant Cesar DeLaCruz’s Motion to Suppress is DENIED.

In its memorandum, DeLaCruz also appears to challenge the magistrate’s issuance of a “no-knock” search warrant. “A no-knock entry is permitted where the police informed the magistrate of circumstances which provided probable cause to believe that the object of the search, the contraband, would be destroyed.” Commonwealth v. Rodriguez, 415 Mass. 447, 450 (1993), citing Commonwealth v. Scalise, 387 Mass. 413, 421 (1982). In the present case, Siaba averred in his affidavit that 137A Winthrop Street was protected by electronically locked doors, that individuals were observed to be looking out of the windows of Apartment #24, and that he believed that evidence might be destroyed prior to entrance by the police. Accordingly, the magistrate was justified in concluding, on the face of fire affidavit, that there were sufficient facts to allow the officers to enter without announcement.