COMMONWEALTH *vs.* ISAAC ROSARIO. No. 00-P-1525. April 22, 2002. *Probable Cause. Joint Enterprise. Evidence,* Joint enterprise, Admissions and confessions. *Search and Seizure,* Automobile, Probable cause. *Constitutional Law,* Search and seizure, Probable cause, Admissions and confessions, Waiver of constitutional rights.

In this appeal from his conviction for conspiracy to traffic in cocaine, the defendant, Isaac Rosario, maintains that a Superior Court judge erred in denying a motion to suppress evidence seized from an automobile and a motion to suppress statements the defendant made to police at the time of his arrest. Because we conclude that the judge correctly denied the motions, we affirm the defendant's conviction.

1. *The motion to suppress evidence.* The defendant contends that when the police seized him and his codefendant, Rafael Jose, in a Chelmsford rest area, they lacked probable cause to believe that the defendant was involved with Jose as a joint venturer in drug dealing. The existence of probable cause was predicated, in large measure, on information supplied by a confidential informant. Although the defendant concedes that the informant satisfied the veracity prong of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), he maintains that the informant's basis of knowledge was deficient. We conclude that the evidence supports the motion judge's finding that the informant's basis of knowledge was sufficient, and, together with independent police corroboration, provided probable cause to believe that, at the time the police approached the defendant in the rest area, the defendant and Jose were joint venturers in drug dealing. See *Commonwealth* v. *Cast*, 407 Mass. 891, 897 (1990).

The informant gave detailed and predictive information from which his

first-hand knowledge could be inferred. See *Commonwealth* v. *Bakoian*, 412 Mass. 295, 297-298, 300 (1992); *Commonwealth* v. *Alvarez*, 422 Mass. 198, 207 (1996). He told police that, at approximately 1:45 P.M. on the day in question, a twenty-five year old Dominican male named Rafael, short and of medium build, would be driving an older maroon Oldsmobile from Worcester to deliver cocaine at the southbound rest area on Route 495 in Chelmsford. The informant described and predicted with particularity the individual, the vehicle, the time of day, and the location of the drug transaction.

Apart from an inconsequential nuance as to the vehicle's color, police surveillance confirmed the predicted aspects and independently corroborated that a drug transaction was ongoing. See *Commonwealth* v. *Robinson*, 403 Mass. 163, 166 (1988); *Commonwealth* v. *Welch*, 420 Mass. 646, 652 (1995). At about 2:15 P.M., the police observed a man who matched the informant's description get out of a red Oldsmobile that had stopped in the Chelmsford rest area on Route 495. Police watched as the man crossed both directions of traffic to reach the rest area on the opposite side of the busy interstate highway. Police observed the man (later identified as Jose) engage in behavior that, to the trained eye of a drug investigator, appeared consistent with surveilling the area. See *Commonwealth* v. *Kennedy*, 426 Mass. 703, 708-709 (1998). Thereafter, the man retraced his path across the highway to the waiting red Oldsmobile and engaged in conversation with the driver, the defendant, who had remained in the vehicle. From the observed conduct, wherein surreptitious approach to a proposed drug rendezvous outweighed obvious danger from motor vehicles travelling at high speed, the police could reasonably conclude that, as predicted, a drug deal was going to occur and that "Rafael" had brought an accomplice to assist him.

The police could reasonably conclude that the defendant's involvement was more than "mere presence" at the scene. See *Commonwealth* v. *Batista*, 53 Mass. App. Ct. 642, 646-647 (2001). Compare *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567-569 (1980). "Reasonable inferences and common knowledge are appropriate considerations for determining probable cause." *Commonwealth* v. *Welch*, 420 Mass. at 650, quoting from *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979). Here, the defendant drove the predicted motor vehicle, parked in the southbound rest area, and waited as his passenger crossed an interstate highway on foot to reach the rest area on the opposite side. From this, the police could permissibly conclude that the defendant and Jose were exercising vigilance by Jose first approaching the drug rendezvous on foot rather than in the vehicle containing the drugs. See *Commonwealth* v. *Bond*, 375 Mass. 201, 210 (1978) (the police must act upon "something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt"); *Commonwealth* v. *Storey*, 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). The informant's tip, the police observations, and the officer's expertise in drug investigations provided probable cause to arrest not only Jose, but also his joint venturer, the defendant.

There is evidentiary support for the judge's determination that the defendant voluntarily consented to a search of the vehicle. See *Commonwealth* v. *Franco*, 419 Mass. 635, 642 (1995). Additionally, the search of the vehicle was permissible as a search of a motor vehicle upon probable cause, see *Commonwealth* v. *Motta*, 424 Mass. 117, 123-124 (1997), or a search incident to a lawful

arrest. See *Commonwealth* v. *Sweezey*, 50 Mass. App. Ct. 48, 52-53 (2000). The search may precede the formal arrest. See *Commonwealth* v. *Johnson*, 413 Mass. 598, 602 (1992).

2. *The motion to suppress statements.* The judge found that the police properly advised the defendant of his Miranda rights prior to searching the motor vehicle, that the defendant understood these rights, and that the defendant, who was nervous and remorseful, wished to talk with police. Based upon these findings, the judge correctly concluded that the defendant had knowingly and intelligently waived his Miranda rights prior to telling the police that he and Jose were there to deliver the cocaine that he had observed Jose place in a bag near the engine block. The judge's findings also support his conclusion that the defendant's statements were voluntary beyond a reasonable doubt. See *Commonwealth* v. *Franco*, 419 Mass. at 642.

*Judgment affirmed.*

*James A. Couture* for the defendant.

*Elizabeth Armstrong*, Assistant District Attorney, for the Commonwealth.