COMMONWEALTH *vs.* PHILIP J. DIMARZIO. May 13, 2002. *Controlled Substances. Constitutional Law,* Search and seizure. *Search and Seizure,* Inevitable discovery.

Philip J. DiMarzio was convicted of possession of marijuana. He was arrested when police officers, who were investigating a report that he was intoxicated and had threatened to return to the home of one of his customers with a shotgun, detected a strong odor of burning marijuana upon entering his warehouse office. After arresting and handcuffing him, but before advising him of his Miranda rights, the officers asked DiMarzio where the marijuana was. He told them it was in the drawer of his desk, where one of the officers then located and seized a quantity of marijuana.

A judge in the Brockton Division of the District Court Department denied DiMarzio's motion to suppress the marijuana, finding that it was not unreasonable for the police to have entered his place of business to speak to him during their investigation, that their observations afforded them probable cause to arrest DiMarzio, and that they then had authority to conduct a search of the immediate area of the arrest. The Appeals Court reversed, holding that while the entry into the warehouse was reasonable as the result of the exigencies of the circumstances, the seizure of the marijuana was unlawful. *Commonwealth* v. *DiMarzio*, 52 Mass. App. Ct. 746 (2001). The court concluded that where DiMarzio was handcuffed and removed from the immediate area of the desk, the subsequent search could not be justified as incident to a lawful arrest because "there was virtually no possibility of the defendant reaching into the

---

desk drawer and destroying the marijuana evidence." *Id.* at 753.[1] We granted the Commonwealth's application for further appellate review.

We agree with the Appeals Court that the motion to suppress the marijuana should have been allowed, but for a different reason. It is uncontested that DiMarzio's statement that the marijuana was in the drawer was obtained in violation of his rights under *Miranda* v. *Arizona*, 384 U.S. 436, 444-445 (1966). Indeed, the motion judge suppressed the statement as unlawfully obtained. It is also uncontested that the police used DiMarzio's statement to locate the marijuana. As such, its discovery and seizure were the "fruit of the poisonous tree," and were also unlawful. *Wong Sun* v. *United States*, 371 U.S. 471, 488 (1963). The resulting evidence should have been suppressed unless the Commonwealth established that its discovery would otherwise have been inevitable.[2] To establish inevitability, the Commonwealth must prove the facts bearing on inevitability by a preponderance of the evidence, and once the relevant facts have been proved, that the discovery by lawful means was certain as a practical matter. See *Commonwealth* v. *O'Connor*, 406 Mass. 112, 117 (1989). The Commonwealth did not meet this burden at the hearing on the motion to suppress[3] and explicitly waived any claim that the discovery was inevitable at oral argument.

*Judgment reversed.*

*Verdict set aside.*

*Dana Alan Curhan* for the defendant.

*Christina L. Crowley*, Assistant District Attorney, for the Commonwealth.

---

[1]Pursuant to G. L. c. 276, § 1, "[a] search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings."

[2]See *Commonwealth* v. *Fredette*, 396 Mass. 455, 459 (1985). The other two exceptions to suppression, discovery through an independent source and attenuation between the conduct and the discovery of the evidence, are inapplicable here. See *id.*

[3]For example, no evidence was offered that the desk or any other part of the office would have been searched incident to the arrest had the statement not been made.