## COMMONWEALTH vs. VLADIMIR SAMUEL.

No. 10-P-166.

Suffolk. March 7, 2011. - October 3, 2011.

Present: McHugh, Smith, & Carhart, JJ.

*Firearms. Search and Seizure,* Exigent circumstances. *Constitutional Law,* Search and seizure.

A District Court judge erred in granting a criminal defendant's pretrial motion to suppress a firearm that had been seized by police during a warrantless search of an apartment, where the police entry into the apartment was justified, given that they had reasonable grounds to believe that an emergency existed and that lives were in danger, based on information from an identified citizen that an individual at the apartment had displayed a loaded firearm, had announced that he had been hired to kill someone, and had placed the firearm under a pillow; and where the police officer's seizure of the loaded gun from its location under the pillow was reasonable in the circumstances. [563-564]

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on August 3, 2007.

A pretrial motion to suppress evidence was heard by *Jonathan Brant,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Francis X. Spina,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Kathleen Celio,* Assistant District Attorney, for the Commonwealth.

*David F. Segadelli* for the defendant.

SMITH, J. On August 3, 2007, a three-count criminal complaint was issued by the Chelsea Division of the District Court Department, charging the defendant, Vladimir Samuel, with possession of a firearm without a firearm identification card, carrying a firearm without a license, and carrying a loaded firearm without a license.

On February 28, 2009, the defendant filed a motion to sup-
press the firearm that had been seized on the ground that the
police had conducted a warrantless search. Following a hearing,
a District Court judge allowed the suppression motion. The
Commonwealth's motion for reconsideration was denied, and a
single justice of the Supreme Judicial Court granted the Com-
monwealth's application for interlocutory review of the District
Court judge's order pursuant to Mass.R.Crim.P. 15(a)(2), as
appearing in 422 Mass. 1501 (1996).

We summarize the judge's findings of fact, supplemented with
uncontested testimony adduced at the evidentiary hearing. *Com-
monwealth* v. *Isaiah I.*, 448 Mass. 334, 337 (2007).[1]

On August 2, 2007, at 11:45 P.M., Officer Edwin Hernandez
of the Chelsea police department was working at the front desk
when he received a telephone call from a Spanish-speaking
man. The caller identified himself to Officer Hernandez and
stated that he was at 262 Maple Street, apartment 1, in Chelsea.[2]
He stated that there were persons in a room with him, including
a black male sitting on a couch. That individual had displayed a
handgun, showed it was loaded, and told the caller and others in
the room that he had been hired to kill someone. He then placed
the firearm under a pillow on the couch where he was sitting.
The caller told Officer Hernandez that he was afraid for his
safety. Officer Hernandez dispatched several Chelsea police
officers to the address given by the caller and told them that the
caller was in the apartment with the suspect. They knocked on
the apartment door, and a resident of the apartment responded.[3]
The police asked the resident if they could enter the apartment
in order to conduct a well-being check of the parties in the apart-
ment. The resident gave the police permission to do so. The offi-
cers went directly to the back room of the apartment where they

---

[1]Two police officers were the only witnesses to testify at the hearing, and
although the motion judge did not explicitly state that he credited their testimony,
he did rely on the officers' testimony as the sole basis of his findings. See
*Commonwealth* v. *Perkins*, 450 Mass. 834, 842 (2008).

[2]In addition to the caller identifying himself, Officer Hernandez also had
the caller's telephone number in case the officer had to call him back.

[3]The motion judge in his findings described the person who gave the police
permission to enter the apartment as an "occupant" of the apartment. The
undisputed evidence was that the person resided at the apartment.

had been told the black male identified by the caller would be sitting. In the back room, the officers discovered various males sitting in several locations around the room. As described, the police saw a black male sitting on a couch with a pillow next to him. An officer ordered the individual to stand up and move to one side away from the pillow. The officer picked up the pillow and saw a handgun under it. The handgun was seized, and the defendant was arrested.

At the hearing on his motion, the defendant argued that because the search of the apartment exceeded the consent given for the officers' entry, the seizure of the firearm was improper. The Commonwealth responded that the circumstances constituted an exigency, and therefore the police seizure of the firearm was proper.

Based on his findings of fact, the judge concluded that the entry of the police into the apartment was proper because the resident had consented to their entry. The judge ruled, however, that once the police were in the apartment, their subsequent conduct in lifting the pillow and removing the firearm constituted an improper search because it exceeded the scope of the consent. The judge dismissed the exigency argument, citing *Commonwealth* v. *Alvarado*, 423 Mass. 266, 273 (1996), and noting that no court decision has held that reasonable suspicion arises "simply on a report of gun possession."[4]

On appeal, the Commonwealth claims, among other things, that the nature of the circumstances created an emergency that justified the seizure of the firearm and the arrest of the defendant.[5] The defendant counters that the motion judge correctly concluded that the seizure of the firearm was improper.

*Discussion.* Our courts have held that " '[t]he need to protect

---

[4]The judge stated that "[t]here was no report of a crime here. Defendant was reported to have shown a gun and talked about using it. He had not assaulted anyone." However, reliable information that an individual has threatened to kill someone and has the means to accomplish that goal requires investigation by the police.

[5]On appeal, the Commonwealth argues that the defendant did not have a reasonable expectation of privacy in the apartment and, therefore, no search in the constitutional sense occurred. The Commonwealth did not make that argument below and, after the motion judge issued his decision, moved for reconsideration, raising the issue of lack of reasonable expectation of privacy. The motion judge denied the Commonwealth's motion. We do not consider

or preserve life or avoid serious injury is justification for what would be otherwise illegal, absent an exigency or emergency.' . . . In justifying action under this doctrine, the Commonwealth has the burden of showing . . . that 'the authorities had a reasonable ground to believe that an emergency existed, and . . . [that] the actions were reasonable under the circumstances.' " *Commonwealth* v. *DiMarzio*, 52 Mass. App. Ct. 746, 750 (2001), *S.C.*, 436 Mass. 1012 (2002), quoting from *Commonwealth* v. *Morrison*, 429 Mass. 511, 514-515 (1999). See *Brigham City* v. *Stuart*, 547 U.S. 398, 403 (2006). See also *Commonwealth* v. *Lindsey*, 72 Mass. App. Ct. 485, 488 (2008), cert. denied, 556 U.S. 1183 (2009).

Here, the police received information from an identified citizen that an individual at a named location had displayed a loaded firearm to persons in a room, had announced that he was hired to kill someone, and had placed the firearm under the pillow next to him. The caller reported that he became frightened.

As a result of the information, the police had reasonable grounds to believe that an emergency existed and that lives were in danger. We agree with the motion judge (and the defendant) that the police entry into the apartment was justified. Once inside the apartment, the emergency did not abate because it was necessary to remove the firearm in order to protect life and to prevent injury to others. Upon entering the back room, the police corroborated the information given by the identified caller to Officer Hernandez, including the seating of the black male on the couch with a pillow beside him. At that point, the officers had reasonable suspicion, if not probable cause, to believe that a loaded firearm was under the pillow, a firearm that was to be used to kill someone.

The Commonwealth contends that the conduct of the police in lifting the pillow and seizing the firearm was reasonable. We

---

the Commonwealth's argument.

The Commonwealth also argues that because there was consent to enter the apartment, it was proper for the police to seize the firearm. The Commonwealth, however, specifically told the motion judge that it was not relying on consent to justify the seizure of the weapon. "It has long been our rule that we need not consider an argument that urges reversal of a trial court's ruling when that argument is raised for the first time on appeal." *Commonwealth* v. *Bettencourt*, 447 Mass. 631, 633 (2006).

agree and note that "[r]easonableness must be 'evaluated in relation to the scene as it could appear to the officers at the time, not as it may seen to a scholar after the event with the benefit of leisured retrospective analysis.' " *Commonwealth* v. *McDermott*, 448 Mass. 750, 766, cert. denied, 552 U.S. 910 (2007), quoting from *Commonwealth* v. *Young*, 382 Mass. 448, 456 (1981). "The role of a peace officer includes preventing violence and restoring order . . . ." *Brigham City* v. *Stuart*, *supra* at 406. We hold that the action of the police in seizing the firearm was reasonable under the circumstances.

Accordingly, we reverse the order allowing the motion to suppress, and the matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*