The Commonwealth appeals from a District Court order suppressing the fruits of a search of the defendant, Carlos M. Rivera. Although this is a close case, we agree that the police lacked probable cause to search the defendant at the time of the search. Accordingly, we affirm.
1. Standard of review. We adopt the subsidiary findings of fact of the motion judge, which we accept absent clear error, reserving for independent review her ultimate findings and her conclusions of law. See Commonwealth v. Anderson, 461 Mass. 616, 619 (2012) ; Commonwealth v. Charley, 91 Mass. App. Ct. 223, 224 (2017).
2. Discussion. The Commonwealth properly concedes that the second detective needed probable cause to search the defendant. Although the observations made by the first detective established reasonable suspicion to conduct an investigatory stop, see Commonwealth v. Sweezey, 50 Mass. App. Ct. 48, 51 (2000), the second detective immediately conducted a search and had no basis to believe the defendant was armed or dangerous. Accordingly, the search must be "justified by probable cause and exigent circumstances." Commonwealth v. Washington, 449 Mass. 476, 483 (2007).
Cases in which observation of a hand-to-hand transaction in a high drug area establish probable cause generally involve additional incriminating evidence. For example, the involvement of a known drug dealer or known drug user is powerful evidence supporting probable cause. See Commonwealth v. Kennedy, 426 Mass. 703, 709-710 (1998) ; Commonwealth v. Freeman, 87 Mass. App. Ct. 448, 449, 453 n.5 (2015). Possession of narcotics or drug paraphernalia by one of the parties after the exchange supports probable cause. See Commonwealth v. Mora, 477 Mass. 399, 400, 404 (2017). Cf. Commonwealth v. Rivera, 425 Mass. 633, 635, 648-649 (1997) (sufficient evidence to support conviction). A complex transaction, in which the money or the item travels through a third person, also supports probable cause. See Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992) ; Freeman, supra at 450-451 & n.2.
This case contains none of those additional factors supporting probable cause. Although this case is somewhat stronger than Commonwealth v. Clark, 65 Mass. App. Ct. 39, 44 (2005), in light of the fact that the apparent buyer was waiting by his car for the defendant, it lacks the additional evidence of criminality that established probable cause in Santaliz, Rivera, Kennedy, and Freeman.
Finally, although the defendant's statement that he "sold that guy an eighth of weed" established probable cause, see Commonwealth v. Villalta-Duarte, 55 Mass. App. Ct. 821, 824 (2002), the judge found that the defendant made this statement after the second detective had initiated the search. As we discern no clear error in that finding, the statement cannot be used to justify a search that occurred prior to the statement's being made. Accordingly, we affirm the suppression of the fruits of the search.
Order allowing motion to suppress affirmed.